## Edge v. Sower.

### (Decided May 10, 1935.)

R. W. KEENON for appellant.

CLIFFORD E. SMITH for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

On October 28, 1932, appellee sued appellant on a merchant's account. On a trial of the case before a jury appellee was awarded the total amount of the account with interest as prayed.

The record discloses no motion for a new trial, nor is there any bill of exceptions in the transcript.

Counsel for appellant correctly admits that with the record in the condition above mentioned, the only question that may be considered and determined by this court is whether or not the pleadings support the verdict of the jury, and his sole argument is directed to the contention that the petition is not full and complete enough for that purpose.

The contention is made that "the petition does not set out what items were purchased in person, nor does it state what items were purchased by some one other than appellant, or that if purchased by some one other than appellant that the person purchasing same had authority to make said purchases."

An itemized account is filed with and made a part of the petition, giving in full detail the date of sale and a description of each article sold, and the price thereof. This account is headed, "Sold to Hon. John A. Edge." The account is totaled to $604.91, the amount sought to be recovered, is verified and states in the body that it is correct, just, and unpaid.

The petition alleges that plaintiff sold and delivered to appellant the various items of merchandise at the latter's special instance and request, and for which he agreed to pay the prices charged therefor, and that the itemized account shows the date, amount, and description of each purchase. It is further alleged that the account is long past due and the defendant has repeatedly promised and agreed to pay same but has failed to do so.

Appellant answered denying generally the allegations of the petition, and further pleaded:

"If said items or any of them were purchased, same were purchased by some one other than this defendant, and that he does not have sufficient knowledge or information as to which items were purchased and he therefore denies that any of these items were purchased by this defendant."

The sum and substance of the answer, then, is that the defendant did not purchase any of the items set out in the account attached to the petition, and that therefore he did not owe the account.

We are not furnished with any authority to uphold appellant's contention, nor have we been able to find any such. It seems to us that the petition as presented would stand the test of a demurrer, and is sufficient in form and substance to have justified the court in entering a judgment for the full amount of the account, if the defendant had filed no answer.

It is true the answer set up matter of defensive nature, but it appears from the transcript that a trial was had, and in the absence of any showing to the contrary the assumption will be indulged that the proof was sufficient to justify the verdict, and that such issues as were raised by the pleadings were submitted to the jury on appropriate instructions.

Judgment affirmed.